UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-174-B-W |
| | ) | |
| R. THOMPSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS FOR ENLARGEMENT, SANCTIONS, TO CONVENE
PLENARY PROCEEDINGS, FOR RECONSIDERATION AND TO STRIKE**

Randall B. Hofland has filed two similar motions in this case seeking extensions of time within which to meet unspecified deadlines. He filed the first motion on July 15, 2009, joined with a motion for sanctions. *Mot. for Enlargement of Time* (Docket # 28) (*Mot. for Enlargement I*). He filed the second on August 4, 2009, joined with a motion to convene plenary proceedings pursuant to Rule 66(c) of the Federal Rules of Civil Procedure. *Mot. for Enlargement of Time and Mot. to Convene* (Docket # 32) (*Mot. for Enlargement II*). Mr. Hofland amended this motion on August 7, 2009, to replace Rule 66(c) of the Federal Rules of Civil Procedure with 18 U.S.C. §§ 401-02, as the legal basis for his motion to convene. *Additional Attach.* (Docket # 23). On August 7, 2009, Mr. Hofland also filed a motion for reconsideration and a motion to strike. *Mot. for Recons. and Mot. to Strike* (Docket # 34).

On August 20, 2009, the Defendants filed a response in opposition to Mr. Hofland's second motion for enlargement. *Defendants' Response* (Docket # 35) (*Defs.' Resp.*) In the meantime, Mr. Hofland failed to respond to Defendants' motion to dismiss, which has been pending since June 23, 2009 (Docket # 21), and has not replied to Defendants' response.

In both motions for enlargement, Mr. Hofland asks for an extension of time within which to respond to any pending matters, because while he was attending a hearing at the Waldo County Superior Court, the York County Sheriff allegedly seized his legal materials. *Mot. for Enlargement I* at 1-2; *Mot. for Enlargement II* at 1-4. These events are alleged to have occurred on June 26, 2009 just three days after Defendants filed their motion to dismiss. Even if the allegations are true, by filing the motions for extension themselves, Mr. Hofland has demonstrated the capacity to make filings in his multiple pending cases. The Court would not ordinarily grant a motion that places a case on indefinite hold while the question of a plaintiff's access to records that are apparently controlled by a third party is resolved. However, the first motion to enlarge was filed one day after Mr. Hofland's response to the Defendant's dispositive motion was due. *See* D. Me. Loc. R. 7(b) (requiring an opposition to a motion to be filed within twenty-one days after the motion was filed). Recognizing that it may be mere coincidence, and recognizing the concern with granting an unlimited deadline in which to respond to motions, the Court concludes that some limited, specific extension is appropriate. Therefore, the Court allows Mr. Hofland thirty days from the date of this order to file an opposition to Defendants' motion to dismiss.

With respect to the other motions, Mr. Hofland's demand for sanctions against the York County Sheriff is not cognizable in this case, since the York County Sheriff is not a party to these proceedings. *Mot. for Enlargement I* at 2. Similarly not cognizable are his requests that the Court convene plenary proceedings against York County Jail officials, their attorneys, and several other non-parties pursuant to Rule 66(c) of the Federal Rules of Civil Procedure or 18 U.S.C. §§ 401-02,[1] and compel York County Jail officials to preserve surveillance video. Both

---

[1]   Mr. Hofland reports that he has moved in state court, pursuant to Rule 66(c) of the Maine Rules of Civil Procedure, to commence plenary proceedings. *Mot. for Enlargement II* at 4. Rule 66(c) of the Maine Rules of Civil

motions ask for relief against named individuals who are not parties to this cause of action. These motions are therefore dismissed.

Finally, in his motion for reconsideration and to strike, Mr. Hofland requests that the Court strike the Court's August 3, 2009 Order dismissing his case and to find York County Jail officials in contempt. While the Court has issued orders dismissing Mr. Hoffland's companion cases, no such order has been issued in this matter. In addition, the Court does not have the authority to find York County Jail officials in contempt, as they are not a party to this proceeding. The Court, therefore, dismisses this motion.

The Court therefore GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Enlargement of Time (Docket # 28); Plaintiff's motion is GRANTED to the limited extent that he is allowed thirty days from entry of order to file an opposition to Defendants' motion to dismiss, and his motion is DENIED in all other respects. The Court DISMISSES without prejudice Plaintiff's Motion for Enlargement of Time and Motion to Convene (Docket # 32) and its Additional Attachments (Docket # 33), and Motion for Reconsideration and to Strike (Docket # 34).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31th day of August, 2009

---

Procedure provides that the state court must convene a plenary proceeding when punitive sanctions are sought for contempt occurring outside the presence of the court. Me. R. Civ. P. 66(c). Mr. Hofland appears to assume the Federal Rules of Civil Procedure include an identically numbered analogous provision. They do not. *See* Fed. R. Civ. P. 66. Mr. Hofland's motion is not cognizable under the Federal Rules. Further, the motion assumes that there are contempt proceedings pending before the Court. There are none. Finally, in an effort to correct his mistake, Mr. Hofland cites 18 U.S.C. §§ 401-02 as authorizing his motion. *Additional Attach.* at 1. This additional citation does not cure the defects in Mr. Hofland's motion to convene plenary proceedings.