UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-09-174-B-W |
| | ) |
| R. THOMPSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS FOR LEAVE TO FILE AMENDMENT, TO JOINDER DEFENDANTS AND SUPPLEMENT SECOND AMENDED COMPLAINT, AND MOTION TO SUPPLEMENT**

On November 10, 2009, Randall B. Holland filed three motions: a Motion for Leave to File Amendment (Docket # 51) (*Mot. for Leave*), a Motion to Joinder Defendants (Docket # 52) (*Mot. to Join.*), and a Motion to Supplement (Docket # 54) (*Mot. to Supp.*). Mr. Holland attached a second amended complaint to his motion for leave (Docket # 51-1) (*Second Am. Compl.*). The Defendants objected on December 1, 2009 (Docket # 55) (*Defs.' Obj.*). Mr. Holland responded on December 8, 2009 (Docket # 57) (*Pl.'s Resp.*).

In Mr. Hofland's motion for leave to amend, he asks for permission to amend his complaint pursuant to Federal Rules of Civil Procedure 9(b) and 15(a)(2). *Mot. for Leave* at 14. Rule 15(a) of the Federal Rules of Civil Procedure provides in part that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The leave sought should be granted unless the amendment would be futile or reward undue delay. *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts

within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton*, 987 F.2d 855, 868 (1st Cir. 1993).

Mr. Hofland's second amended complaint centers on conditions in prison, including his inability to view certain television programs, the seizure of his legal files and paperwork by jail officials, and the lack of legal resources in the federal library.  These arguments are essentially the same as those already addressed by the Magistrate Judge in her recommended decision. *Recommended Decision* (Docket # 49).  Contemporaneously with this Order, the Court is issuing an Order affirming the Magistrate Judge's recommended decision for the reasons she set forth in the Recommended Decision.  *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 63).  For the reasons stated in the Recommended Decision, Mr. Hofland's amended complaint does not provide a basis on which relief could be granted, and granting leave to amend would be futile.  *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (finding that "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted").

While Mr. Hofland's allegation of fraud is new to his complaint, this claim fails to satisfy the specificity requirements of Federal Rule of Civil Procedure 9(b).  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 45 (1st Cir. 2009) (citations omitted).  This standard "means that a complaint must specify 'the time, place, and content of an alleged false representation.'" *Id*.   Mr. Holland claims that "[t]he Defendants, the Two Bridges Regional Jail and its administration (Col. Mark Westrum) along with Hofland's actual legal custodian, Scott Storey, Sheriff of Waldo County, are engaged in fraud (See F.R.CV.P. Rule 9(b)" but provides no explanation to support this allegation.  *Mot for*

*Leave* at 2.  Such "conclusory allegations . . . are not sufficient" to satisfy Rule 9(b).  *United States ex rel. Gange v. City of Worcester*, 565 F.3d 40, 45 (1st Cir. 2009) (citation omitted).  Because Mr. Hofland's second amended complaint reasserts his earlier arguments, which the Court has rejected, to grant leave to amend an incognizable complaint would be an exercise in futility.  The Court, therefore, denies Mr. Hofland's motion for leave to amend.

In his motion to join, Mr. Hofland seeks to name the Waldo County Jail and Scott Story as defendants in his second amended complaint.  Because the Court is denying Mr. Hofland's request to amend his complaint, it also denies his motion to join additional defendants.

Mr. Hofland's motion to supplement relates to his motion to extend time limits (Docket # 50).  In his motion to extend time, Mr. Holland asked the Court to consider his motion to amend and the attached second amended complaint before he files a response to the Defendants' filings and the Magistrate's recommended decision.  Mr. Hofland's motion to supplement is essentially the same; "Hofland Supplements his prior filings to specify he wishes the Court to Rule on his Motion To Amend, and on admission of said Amendment, prior to his filing an Objection and separate Response Memorandum."  *Mot. to Supp*. at 1.  On December 1, 2009, Mr. Holland filed an objection to the Magistrate's Recommended Decision (Docket # 56), and on December 8, 2009, he filed a response to Defendants' response memorandum (Docket # 57).  Having already filed the documents identified in his request for more time to file, Mr. Hofland's motion to supplement his motion to extend time is moot and therefore dismissed.

1. It is therefore ORDERED that the Plaintiff's Motion for Leave to Amend (Docket # 51) and Motion to Joinder Defendants (Docket # 52) are DENIED.

2. It is further ORDERED that the Plaintiff's Motion to Supplement (Docket # 54) is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2009