UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-09-174-B-W |
| ) | |
| R. THOMPSON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On May 4, 2009, Randall Hofland filed suit against R. Thompson and Two Bridges Regional Jail, claiming that the Defendants had violated his civil rights. On October 29, 2009, the Magistrate Judge issued a recommended decision, recommending that the law suit be dismissed. *Recommended Decision* (Docket # 49). On December 16, 2009, the Court affirmed the recommended decision over Mr. Hofland's objection. *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 63). Judgment issued on December 17, 2009. *J.* (Docket # 65). On January 19, 2010, Mr. Hofland moved for reconsideration, citing Rule 60(b). *Mot. for Recons.* (Docket # 71).[1]

In a separate case, on July 16, 2009, Mr. Hofland moved for reconsideration of the Court's denial of his motion for court appointed counsel in the case of *Hofland v. Ross*, Civil Docket No. 09-cv-173-B-W. The Court denied the motion. What the Court wrote then is applicable to Mr. Hofland's pending motion for reconsideration:

> Mr. Hofland has not demonstrated a basis for reconsidering the Court's earlier Order. *Global NAPs, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir.

---

[1] On January 26, 2010, Mr. Hofland appealed the Judgment to Court of Appeals for the First Circuit. *Notice of Appeal* (Docket # 75). Under Appellate Rule 4(a)(4)(A)(vi), if a party files a timely motion under Rule 60(b), the time to file an appeal runs for all parties from the entry of the order disposing of the last remaining motion. Fed. R. App. P. 4(a)(4)(A)(vi).

2007) (stating that "[a]s a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations"); *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (requiring the movant to "demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law"); *Nw. Bypass Group v. U.S. Army Corps of Eng'rs*, 552 F. Supp. 2d 137, 144-45 (D.N.H. 2008).

*Order on Pending Motions* at 6-7 (Docket # 29).

Although Mr. Hofland styled his motion as a motion for reconsideration, it seems more likely he intended to file a Rule 60(b) motion for relief from judgment or order on the basis of alleged fraud and legal error. *See Mot. for Recons.* at 1 (stating that he was moving for rehearing pursuant to Fed. R. Civ. P. 60(b) on the basis of fraud and error). The Court has carefully reviewed Mr. Hofland's memorandum and concludes that, if treated as a Rule 60(b) motion, Mr. Hofland failed to present the Court with grounds for Rule 60(b) relief.

In summary, whether treated as a motion for reconsideration or a motion under Rule 60(b), Mr. Hofland has presented no new evidence, has failed to present any convincing argument that the Court committed a manifest error of law, and has failed to produce evidence of fraud. Accordingly, the Court DENIES his motion for reconsideration and/or motion for relief from judgment under Rule 60(b) (Docket # 71).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2010